CITY OF COLUMBUS, APPELLEE, *v.* LENEAR, APPELLANT.

(No. 83AP-1100—Decided
May 31, 1984.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Mr. Fred Thomas,* for appellant.

NORRIS, J. Defendant, Betty L. Lenear, appeals her conviction for permitting her property to be used for the sale of intoxicating liquor, without possessing permits required by Ohio law, a misdemeanor.

The city's first witness, a detective, testified that, on May 24, 1983, she purchased an unopened can of Budweiser beer for one dollar at a home at 163 North Garfield; that she saw no liquor permits on the premises; that defendant was not present; that the person selling her the beer opened the can for her; that after consuming part of the beer on the premises she poured the remainder into a glass container; and that she left with the container and turned it in for analysis by police authorities. A police "criminalist" testified that the liquid in the container had been chemically analyzed and contained 3.8 percent alcohol.

A member of the city's vice squad, Ron Cordial, testified that he had, as the result of a complaint that 163 Garfield was being operated as an illegal "boot joint," watched the premises on numerous occasions, noting persons coming and going at different times during the day; that, as the result of his surveillance and the detective's purchase of beer and the result of its laboratory testing, he secured a search warrant for the premises; that, on June 2, at 4:35 p.m., he executed the warrant in the company of other officers; that the detective who purchased the beer was not present; that as he entered he saw about twelve people "sitting around drinking, playing cards"; that he saw no liquor permits posted on the premises; that, as the officers searched the occupants for weapons, he asked if anyone owned the premises and defendant said she was the owner; that they told defendant she was under arrest, gave her a copy of the search warrant, and questioned her; and that he asked her how long she had been operating and "[s]he said for several years. And she said it was about time — that she knew that it was about time to get caught, something to that effect." He further testified that she gave them keys to padlocks securing a refrigerator and cabinets in order that the officers need not force the locks; that in the refrigerator and cabinets they found Pina Colada, nine pints of whiskey, two pints of vodka, and three hundred ninety-nine cans of beer; that they found $100 in a cash box in one of the cabinets containing liquor; and that she admitted the cash box belonged to her and her boyfriend.

Another member of the vice squad corroborated Cordial's testimony, and added that, after he told defendant she would be issued a summons rather than be taken to jail, "[s]he indicated she wasn't going to operate after that date * * *." The city introduced exhibits from the Ohio Department of Liquor

Control to the effect that no liquor permits had been issued to defendant or the premises.

Defendant raises six assignments of error:

"1. The arresting officers did not have a warrant for appellants [*sic*] arrest, nor did they observe her commit an offense. Therefore, the arrest violated O.R.C. 2935.03.

"2. The Court erred in failing to grant defendant's Motion to Dismiss at the beginning of the trial.

"3. There was insufficient proof of a 'sale' of intoxicating liquor and a conviction of Keeping a Place requires proof of at least one sale. There was no evidence of sale on June 2, 1983, the date alleged in the affidavit.

"4. The City Code under which this prosecution proceeded is unconstitutional on its face, in that it is too vague to allow a citizen to know when his action are [*sic*] violative of a criminal statute.

"5. The Court improperly admitted evidence and testimony regarding an alcoholic beverage in that the prosecution failed to establish a chain of evidence, and failed to produce the beverage that was claimed to have been purchased.

"6. The Court erred in failing to suppress certain statements claimed to have been made by the Appellant subsequent to the time she was placed under arrest inasmuch as the officers failed to advise her of her constitutional rights."

Defendant was charged under Columbus City Code Section 2313.18, which reads, in pertinent part, as follows:

"(A) No person being the owner, lessee, occupant, custodian, or person in charge of any * * * dwelling house, apartment, building, or place whatever, shall knowingly permit such place to be used for the sale, furnishing, giving away, transferring or other offer thereof of intoxicating liquor or beer in violation of law."

Because defendant's first, second, third and sixth assignments of error are interrelated, they will be considered together. In essence, defendant contends that her arrest was illegal, that any incriminating statement she made while under arrest, and in the absence of her having been advised of her "*Miranda* rights," should have been excluded, and that without these statements there was no evidence of sale as required to ground the charge.

A police officer may arrest without a warrant where he has reasonable cause to believe a felony has been committed, and this reasonable cause to believe can be based upon his own observation, as well as upon information derived from reasonably trustworthy sources. See R.C. 2935.04; *State* v. *Timson* (1974), 38 Ohio St. 2d 122 [67 O.O.2d 140]; *State* v. *Fultz* (1968), 13 Ohio St. 2d 79 [42 O.O.2d 259]; *State* v. *Sampson* (1982), 4 Ohio App. 3d 287. In the instance of the commission of a misdemeanor, however, a warrantless arrest can be made only if the misdemeanor is committed in the presence of the arresting officer. R.C. 2935.03(A). What is required for a valid warrantless arrest is not that the officer have absolute knowledge that a misdemeanor is being committed in the sense of possessing evidence sufficient to support a conviction after trial, but, rather, that he be in a position to form a reasonable belief that a misdemeanor is being committed, based upon evidence perceived through his own senses. In other words, if, based upon circumstances perceivable by his own senses, a reasonable person would be justified in concluding that a misdemeanor is being committed in his presence, then, the warrantless arrest is valid.

Under the circumstances of this case, that means that the officers had to be in a position to conclude, on the basis of what occurred in their presence, that defendant was the owner of the premises and was knowingly permitting

it to be used for the sale of intoxicating liquor or beer, in the absence of a liquor permit.

Accordingly, although the police officers could not rely upon information received as the result of the purchase on May 24 (particularly in view of the absence of the purchasing detective on June 2) to form a reasonable belief, we conclude that the events which transpired in their presence on June 2 were sufficient to ground the warrantless arrest. Here, the arresting officers observed that a dozen persons were drinking alcoholic beverages and playing cards at 4:30 in the afternoon, and that defendant was among the persons on the premises; they were advised by defendant, before she was arrested, that she owned the premises; pursuant to their search warrant[1] they found a refrigerator and numerous cabinets secured by padlocks; when these padlocks were opened with keys belonging to defendant, an unusually large quantity of alcoholic beverages was found inside the refrigerator and cabinets; a cash box containing $100 was found in one of the padlocked cabinets holding alcoholic beverages; and the officers saw no liquor permits on the premises. From this evidence, a reasonable person could justifiably conclude that he was observing defendant knowingly permitting her premises to be used for the sale of intoxicating liquor or beer, in violation of law.

Because the arrest was not illegal, the trial court properly declined to exclude the officers' testimony of defendant's inculpatory statements on that basis. However, the statements should have been excluded in view of the admitted failure of the officers to advise defendant that she might remain silent, could consult an attorney, and that any statements she made might be used against her in a court proceeding, as required under certain circumstances by *Miranda* v. *Arizona* (1966), 384 U.S. 436 [36 O.O.2d 237], and its progeny, as recently construed by our Supreme Court in *State* v. *Buchholz* (1984), 11 Ohio St. 3d 24.

The test to determine the sufficiency of evidence in a criminal appeal is whether reasonable minds can reach different conclusions on the issue of whether the defendant is guilty beyond a reasonable doubt. *State* v. *Black* (1978), 54 Ohio St. 2d 304, at 308 [8 O.O.3d 296]; *State* v. *Swiger* (1966), 5 Ohio St. 2d 151, at 165 [34 O.O.2d 270]. In other words, it is only where reasonable minds could not fail to find reasonable doubt that a reviewing court may reverse the judgment of the trier of the facts. In viewing the evidence for purposes of defendant's third assignment of error, testimony concerning the events of May 24 may be considered.

Applying this test to the case before us, even when defendant's inculpatory statements, made after she was arrested, are disregarded, we find that there is sufficient evidence in the record going to all the essential elements of the city's case upon which reasonable minds could conclude that defendant was guilty of permitting her property to be used for the sale of intoxicating liquor, without possessing the permits required by state law. However, the evidence was not so overwhelming as to render the trial court's error in admitting defendant's statements harmless beyond a reasonable doubt.

Accordingly, the first, second, and third assignments of error are overruled, and the sixth assignment of error is sustained.

In her fourth assignment of error, defendant argues that the ordinance is unconstitutional because it "requires an

---

[1] The physical evidence found on the premises could serve as a basis for the officers forming a reasonable belief, since it was the product of a valid search warrant, not the fruit of an alleged illegal arrest or improper custodial interrogation.

owner to investigate the legal activities of tenants" and enforce the law, and because "it is not possible for a person to know when he has committed an offense."

A criminal statute is void for vagueness where it lacks ascertainable standards of guilt and is so vague, imprecise and indefinite that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *Columbus* v. *Thompson* (1971), 25 Ohio St. 2d 26 [54 O.O.2d 162]. All legislative enactments enjoy a presumption of constitutionality. When an enactment is challenged on the basis of alleged vagueness, an appellate court must apply all reasonable presumptions, interpretations and constructions which will render the statute constitutionally definite. *State* v. *Dorso* (1983), 4 Ohio St. 3d 60, at 61.

It is apparent that a person of ordinary intelligence would comprehend that what is proscribed by the ordinance is knowingly permitting one's premises to be used for the sale of intoxicating beverages when the state has not issued appropriate permits. The required culpable mental state of knowledge protects the unwary, and refutes defendant's arguments.

The assignment of error is overruled.

The fifth assignment of error is not well-taken. Any error resulting from failure to preserve the "chain of evidence" would be harmless in view of the fact that the detective's testimony that she had purchased an unopened can of Budweiser beer was sufficient evidence to support a conclusion that the substance purchased was "intoxicating liquor or beer," even in the absence of a laboratory analysis. The assignment of error is overruled.

The first, second, third, fourth and fifth assignments of error are overruled; the sixth assignment of error is sustained; the judgment of the trial court is reversed; and this cause is remanded to the trial court for a new trial.

*Judgment reversed and cause remanded.*

McCormac, P.J., and Whiteside, J., concur.

Whiteside, J., concurring. Although I would sustain rather than overrule the first assignment of error, the result would be the same since the evidence obtained as the result of the illegal arrest is excluded by the sustaining of the sixth assignment of error.

Even assuming the evidence obtained as a result of the search might justify the warrantless arrest, the record indicates the arrest took place before the search. Both officers stated that they observed no one violating the law on the premises until defendant acknowledged she owned the property upon which she was placed under arrest. The evidence of circumstances surrounding the arrest is insufficient to establish that defendant was "found violating the law" prior to her arrest.

Otherwise, I concur in the opinion and judgment.