## State v. Collins
*[Cite as 7 AOA 547]*

*Case No. CA89-11-161*
*Butler County, (12th)*
*Decided October 9, 1990*

*John F. Holcomb, Butler County Prosecuting Attorney, Terri S. King, 216 Society Bank Bldg., Hamilton, Ohio 45011, for Plaintiff-Appellee.*

*Kenneth G. Hawley, 1500 Chiquita Center, 250 E. Fifth Street, Cincinnati, Ohio 45202, for Defendant-Appellant.*

JONES, P.J.

Defendant-appellant, Jerry Collins, was criminally charged with violating a zoning ordinance by operating a commercial business in a R-1 suburban residential district. This is contrary to Fairfield Township and Butler County Zoning Resolution Sections 6.01 and 8.01, and R.C. 303.23. Appellant was found guilty as charged and fined $100. He appeals his conviction.

The facts indicate that appellant owns and operates a heating and air conditioning company known as Collins Refrigeration, Heating and Air Conditioning ("CRHAC"). CRHAC maintains a permanent place of business at 921 Maple Street, Hamilton, Ohio, which is located in a commercial zoning district. Appellant lives at 9551 Headgate Road with his wife, three sons, and daughter. Two sons, Ron and Jerry, also work for CRHAC. When CRHAC's commercial pickup trucks and vans are not parked at appellant's business location or being used for personal use, the vehicles are parked in the driveway of appellant's residence. The zoning code does not prohibit the parking of commercial vehicles on residential premises.

The neighbors have filed repeated complaints since 1987 against appellant, claiming the vehicles parked in his driveway are an eyesore, and that appellant operates a business out of his residence. On June 5, 1989, the state filed a charge alleging that appellant "operated a commercial business" at Headgate Road from January 11, 1989 through May 31, 1989.

The state argues that appellant received business mail at his residence, and that he published, and continues to publish, his residence phone as a back-up number to be called in the event there is no answer at his business phone located on Maple Street. Appellant claims that his only place of business is located at his Maple Street store. The trial court agreed with the state that appellant managed his heating and air conditioning business from his Headgate residence. The court opined that managerial acts, rather than actual physical labor, were completed by appellant at his residence. He received his billing there, and he took care of his paperwork in managing and operating a business from that residence location. The court held that this constituted the operation of a business at his residence.

Appellant has brought this timely appeal and assigns as error the following:

"Assignment of Error No. 1.
"The Trial Court erred to the prejudice of the defendant, Jerry Collins, in refusing to construe the zoning resolution strictly against the State and liberally in favor of Collins.

"Assignment of Error No. 2.
"The trial court's judgment of conviction is against the manifest weight of the evidence."

Both assignments of error advanced by appellant pertain to the weight and sufficiency of the evidence necessary for a conviction pursuant to Sections 6.01 and 8.01 of the Fairfield Township and Butler County Zoning Resolution, and R.C. 303.23. Therefore, we will hereinafter discuss this appeal in terms of one assigned error.

Both parties concede that the zoning resolutions prohibit an individual from operating a business from his residence. Appellant argues, however, that the judgment of the trial court, which found him to have operated a commercial business from his residence, was in error. Appellant bases his argument on the failure of the state to satisfy its burden of proving beyond a reasonable doubt that appellant was using his residence as a place of business.

Having elected to litigate this question of zoning law in the context of a criminal proceeding, the usual rules of criminal procedure apply. The test for determining the sufficiency of the evidence in a criminal appeal is whether rea-

sonable minds could reach different conclusions on the issue of whether defendant is guilty beyond a reasonable doubt. *State v. Black* (1978), 54 Ohio St. 2d 304, 308; *City of Columbus v. Lenear* (1984), 16 Ohio App. 3d 466, 469.

Applying this test to the case before us, we find there is insufficient evidence in the record to support the claim that reasonable minds could conclude beyond a reasonable doubt that appellant operated a commercial business in a R-1 suburban residential district.

The evidence in support of the state, at best, is fragile. It is undisputed that any repair work was done at the customer's residence or property, and that appellant stores his equipment at his store located on Maple Street. Appellant does publish his residence phone as a back-up number to be called in the event a customer cannot reach appellant at his business address. It would be very rare, however, for appellant's residence number to be called since appellant's business phone has a 24-hour answering service.

It appears that the main issue in the instant case involves the numerous commercial vehicles that are parked on appellant's residential property. The zoning code, however, does not prohibit the parking of commercial vehicles on residential premises. The state has presented no evidence to counter appellant's assertion that the vehicles are used to travel to and from work, and for personal use.

In resolving an appeal based upon the weight of the evidence, an appellate court must review the record and determine whether there is substantial evidence upon which a court could reasonably conclude that all elements of the offense have been proven beyond a reasonable doubt. *State v. Eskridge* (1988), 38 Ohio St. 3d 56. In the case *sub judice*, we are fully and clearly satisfied from an examination of all the evidence and of the whole record, that the judgment of the lower court is against the manifest weight of the evidence. Therefore, appellant's assignment of error is well-taken and the trial court's decision and entry finding appellant guilty of the offense of the zoning violation are hereby overruled.

*Judgment reversed.*

HENDRICKSON, J., concurs.

YOUNG, J., dissenting.

A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State v. Eskridge* (1988), 38 Ohio St. 3d 56.

There is plenty of evidence in this case from which the court could reasonably conclude that appellant was using his residence as a place of business. This court should not usurp the function of the trial court. I feel that it has done so and therefore I dissent.