JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant state of Ohio ("state") appeals from the order of the Cuyahoga County Court of Common Pleas that granted defendant-appellee Henry Dillon's ("Dillon") motion to suppress evidence. For the reasons stated below, we affirm.
 {¶ 2} On January 18, 2004, city of Cleveland police officers Shawn Stemple ("Stemple") and Erin O'Donnell ("O'Donnell") were inside a Rite Aid drugstore purchasing something to drink. The store manager, Mr. Vagi ("Vagi"), approached Stemple and explained that a 50-year-old black male, wearing a green quilted coat, had just left the store with cold medicine that he did not pay for.[1] Vagi further explained that the man had shoplifted before and was not allowed on the premises.
 {¶ 3} Stemple and O'Donnell located the male, Henry Dillon ("Dillon"), near the neighboring Burger King restaurant. Stemple testified that as they approached, Dillon stated, "I don't have anything on me, and you can't prove I stole anything." The officers then advised Dillon that he was under arrest for possible criminal trespass. After the reading of his Miranda rights, the officers performed a pat-down search and found a crack pipe and push rod inside Dillon's coat pocket. Dillon was then arrested for possession of drugs and returned to the store for identification.[2]
 {¶ 4} On February 25, 2004, Dillon was indicted on one count of possession of drugs, in violation of R.C. 2925.11. On or about March 12, 2004, Dillon filed a motion to suppress evidence. On April 26, 2004, a hearing was held and the court granted Dillon's motion to suppress.
 {¶ 5} It is from this order that the state appeals and advances one assignment of error for our review.
 I. {¶ 6} In its sole assignment of error, the state argues that "the trial court erred when it ruled that the police did not have sufficient probable cause to arrest appellee for the misdemeanor offense of theft, resulting in the suppression of illegal contraband found on the appellee's person incident to his arrest." We disagree.
 {¶ 7} A police officer may stop an individual and investigate unusual behavior, even without probable cause to arrest, when he reasonably concludes that the individual is engaged in criminal activity. Terry v.Ohio, 392 U.S. at 21, 88 S.Ct. at 1880. "In justifying a Terry-type intrusion, however, the police officer may not rely upon a mere hunch or an unparticularized suspicion." State v. Ford (1989), 64 Ohio App.3d 105,580 N.E.2d 827, quoting State v. Price (June 10, 1987), Montgomery App. No. 9760. "The police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id.
 {¶ 8} R.C. 2935.03 grants police the authority to arrest and detain persons until a warrant can be obtained. In order to arrest for a misdemeanor, the officer must actually see the offense being committed, or from the surrounding circumstances, including admissions by the defendant, be able to reasonably conclude that an offense has been committed. State v. Stacey (1983), 9 Ohio App.3d 55, citing Oregon v.Szakovits (1972), 32 Ohio St.2d 271. As this court held in State v.Murad (1992), 84 Ohio App.3d 317:
"R.C. 2935.03(A) prohibits an officer from arresting a person for a misdemeanor offense on the basis of hearsay evidence alone, unless such offense involves violence, domestic violence, theft or illegal drugs. If an officer does not know of the acts constituting an offense, that offense is not being committed in his presence in respect of the justification of an arrest without warrant. `The acts must become known to the officer, at the time of their commission, through his sensory perception, and he must infer that they constitute an offense. But an arrest is not justified by the fact that the officer has information from other persons which leads him to believe an offense is being committed in his presence; the facts constituting the offense must have been within his own knowledge. An officer may arrest without warrant when he has reasonable grounds to believe that the person to be arrested has committed a misdemeanor in his presence. However, probable cause for this purpose must be a judgment based on a personal knowledge acquired at the time through the senses, or inferences properly drawn from the testimony of the senses.'"
 {¶ 9} When reviewing a ruling on a motion to suppress, we give deference to the judge's factual findings, but we review the application of law to fact de novo. Cleveland v. Morales, Cuyahoga App. No. 81083, 2002-Ohio-5862, at pgs. 10-12; State v. Brown (Jan. 25, 1999), Scioto App. No. 98CA2575.
 {¶ 10} In the case sub judice, the officers arrested Dillon for criminal trespass, not theft.[3] Because they did not witness the alleged offense, we must consider from the surrounding circumstances whether the officers could have reasonably concluded that an offense had been committed. Vagi informed the officers that Dillon had a history of shoplifting at the store and was not allowed on the premises. This is the only information provided to the officers. Despite Vagi's statement that Dillon was not permitted in the store, he did not present any documentation to that effect, and because the store was open to the public for business, the logical presumption is that Dillon had a right to be in the store.
 {¶ 11} The state relies heavily upon Dillon's statement, "I don't have anything on me, and you can't prove I stole anything," but the police used that statement for cause to arrest Dillon for trespass, not theft. The statement, "I don't have anything on me, and you can't prove I stole anything" has no relevance to whether Dillon was guilty of criminal trespass.[4] Further, Dillon was not seen with the alleged stolen merchandise and the officers "didn't testify to seeing any bulges in his pockets."
 {¶ 12} Under the circumstances, we find that the court properly granted Dillon's motion to suppress. While the police had cause to stop and question Dillon,[5] they had no justification to arrest and search him.
 {¶ 13} The state's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., Concur.
[1] The record indicates that numerous bottles of the medicine were allegedly stolen.
[2] Neither cold medicine nor other merchandise was found on Dillon.
[3] O'Donnell testified: "Q. So at the point he was being patted down, he was under arrest or not?" "A. He was under arrest." "Q. And that was for criminal trespass?" "A. Correct. And possibly theft, but we had to make sure we had evidence of that."
[4] Dillon also stated to the officers that he knew he was prohibited from being in Rite Aid, but this statement was made while he was in transport from the scene.
[5] Terry v. Ohio (1968), 392 U.S. 1.