[Cite as *State v. McLemore*, 2011-Ohio-1980.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                           :

    Plaintiff-Appellee                               :          C.A. CASE NO.     24211

v.                                                                :          T.C. NO.    09CR3836

DEANDREA McLEMORE                              :               2011-Ohio-243

    Defendant-Appellant                             :

                                                                   :

. . . . . . . . . .

**<u>DECISION AND ENTRY</u>**

Rendered on the _____18th_____ day of _____April_____ , 2011.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

PAUL D. GILBERT, Atty. Reg. No. 0010129, 120 W. Second Street, Suite 503, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

PER CURIAM:

{¶ 1} Deandrea McLemore has filed a Motion for Reconsideration of our opinion in this case, which was rendered on January 21, 2011. McLemore claims that our opinion ignored statutory and case law, inadequately distinguished a case from another appellate district, and

improperly concluded that the exclusionary rule does not apply to situations in which a defendant is unlawfully arrested for a misdemeanor.

{¶ 2} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *State v. Bradley*, Champaign App. No. 06CA31, 2008-Ohio-720, ¶2, quoting *Columbus v. Hodge* (1987), 37 Ohio App.3d 68.

{¶ 3} First, McLemore contends that one sentence in our opinion "contravenes the entire history of the case law requiring that [a misdemeanor] offense be committed in the officer's presence" for an arrest to be lawful. As we discussed more fully in our opinion, the offense of trespass requires that one knowingly enter or remain on the premises of another, the use of which is restricted, when he knows that he is restricted from doing so (or is reckless in that regard) *or* that one recklessly enter or remain on the premises of another after being notified that he is not authorized to do so. R.C. 2911.21(A)(2) and (3). In McLemore's case, there was no question that the police officers had observed him on the premises (the BP gas station parking lot); the question was whether McLemore knew he should not be on the premises or had been reckless in that regard. The police officers relied on statements from an employee and from the owner of the station in reaching their conclusion that he had been previously trespassed from the property.

{¶ 4} We did not conclude, as McLemore suggests, that the officers did not need to observe the misdemeanor offense; we simply concluded that the officers could gather and rely on information from the property owner or his representatives in forming their belief that he knew

he was restricted from being on the property or had been notified that he was not authorized to enter (and the officers' reasonable belief that the offense was being committed in their presence). In other words, police officers can reasonably rely on representations by property owners or their employees as to who is allowed to be on the property. This conclusion does not "contravene the entire history" of the rule that a misdemeanor must be committed in an officer's presence in order to make a lawful arrest for such an offense.

{¶ 5} Second, McLemore contends that our conclusion that the facts of a case on which he relied were distinguishable was "without foundation." We thoroughly discussed *State v. Dillon*, Cuyahoga App. No. 84607, 2005-Ohio-1016, in our opinion, including our basis for concluding that it did not compel the outcome advocated by McLemore in this case. McLemore's disagreement with our consideration or holding is not grounds for reconsideration.

{¶ 6} Third, McLemore asserts that our "ruling" that "the exclusionary rule need not be applied to statutory violations falling short of constitutional violations, such as R.C. 2935.03's prohibition of arrest for a misdemeanor that did not occur in the officer's presence," contradicts the Supreme Court of Ohio's holding in *State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931.

{¶ 7} In *Brown*, the Supreme Court held that Section 14, Article 1 of the Ohio Constitution provides greater protection than the Fourth Amendment to the United States Constitution against warrantless arrests for *minor* misdemeanors, which are not jailable offenses. The Supreme Court reasoned that the government's interests in making a full custodial arrest for a minor misdemeanor offense are minimal and are outweighed by the serious intrusion upon a person's liberty and privacy that result from an arrest. Id. at ¶19, 22. The Supreme Court has not extended this rationale to all misdemeanors, and we decline to do so. Moreover, this

"ruling" in our opinion was dicta, because we found that McLemore's offense was committed in the officers' presence.

**{¶ 8}** McLemore's Motion for Reconsideration is OVERRULED.

**{¶ 9}** IT IS SO ORDERED.

_____                         _____

                                        THOMAS J. GRADY, Presiding Judge


_____                         _____

                                        MIKE FAIN, Judge


_____                         _____

                                        JEFFREY E. FROELICH, Judge

Copies mailed to:

Johnna M. Shia
Paul D. Gilbert
Hon. Gregory F. Singer