THE STATE OF OHIO, APPELLANT, *v.* PEMBAUR, APPELLEE.

[Cite as State *v.* Pembaur (1984), 9 Ohio St. 3d 136.]

(No. 82-1757—Decided February 8, 1984.)

*Simon L. Leis, Jr.,* prosecuting attorney, *Mr. William E. Breyer, Mr. Leonard Kirschner* and *Mr. Bruce S. Garry,* for appellant.

*Messerman & Messerman Co., L.P.A.,* and *Mr. Gerald A. Messerman,* for appellee.

REILLY, J. The key issue presented in this case is whether a person may obstruct a law enforcement officer in the discharge of that officer's duty, when the person believes that the officer's conduct is unlawful. The state contends that this court should hold that a capias or an arrest warrant includes the authority to enter the business premises of a third party when the officer reasonably believes the subject named in the warrant will be found therein. Notwithstanding, it is not necessary to determine the authority conferred by a capias in this appeal, nor to announce the broad rule of law urged by the state.

It is noteworthy that the rationale of the United States Supreme Court in *Steagald, supra,* is equally persuasive concerning the contrast of a private business premises to a private home. *Steagald* addressed the rights of a third party, not named in the arrest warrant, to be free from an unreasonable search and seizure in his home, and held that this right is not accorded adequate protection by the issuance of an arrest warrant for the person named

in the warrant. Hence, *Steagald* represents the proposition that, absent consent or exigent circumstances, a search warrant must be obtained in order to seek out the subject of an arrest warrant on the property of a third party.

Nonetheless, this appeal does not involve a conviction based upon the fruits of a warrantless search, such that the legality of the search must be analyzed. Instead, the conviction in question is based upon the conduct of defendant prior to any such search. Therefore, *Steagald* is not controlling in this case.

Defendant was convicted under R.C. 2921.31(A), which reads as follows:

"No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

Unquestionably, defendant impeded the deputies in their attempt to execute the capiases. The question, as the court of appeals correctly determined, was whether defendant was privileged to do so.

The crux of this case is the applicability of *Columbus* v. *Fraley* (1975), 41 Ohio St. 2d 173 [70 O.O.2d 335]. There we held in the third paragraph of the syllabus that:

"In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties, whether or not the arrest is illegal under the circumstances."

In altering the common-law rule granting a person the right to resist an unlawful arrest, the *Fraley* court deemed it preferable, considering the crunch of modern society, to resolve questions concerning the legality of police conduct in the courts though peaceful means rather than on the street in potentially violent confrontation. *Fraley* is determinative in the present case. Although defendant may well successfully challenge the use against him of any evidence obtained by the deputies in their search for defendant's employees, defendant was not privileged to physically impede the deputies in their attempt to locate the subjects of the capiases.

This, of course, is not to hold that law enforcement officials can freely execute capiases and arrest warrants on third-party premises. A warrantless entry, as in this case, may quite possibly result in the exclusion of pertinent incriminating evidence observed in such entry, and the showing of unreasonable conduct by a law enforcement officer may well provide a privilege to resist the entry by the occupant. Nevertheless, absent bad faith on the part of a law enforcement officer, an occupant of business premises cannot obstruct the officer in the discharge of his duty, whether or not the officer's actions are lawful under the circumstances. The facts in this case do not show bad faith on the part of the deputies, or any other circumstances which would provide a privilege on the part of defendant to obstruct the deputies in the discharge of their duties.

While the court of appeals also held that the trial court's instruction on privilege was inadequate and improper, a review of the charge, considering the issue presented by this case, shows that such charge was not erroneous. The term "privilege" is defined by R.C. 2901.01(L), and the instruction which was given quoted the statutory definition. Such instruction was sufficient to allow the jury to determine whether defendant was privileged to act under R.C. 2921.31(A). This is so because *Fraley* stated that the legality of the police action, absent excessive force, is not a factor to consider when determining whether a privilege to resist exists.

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, HOLMES and C. BROWN, JJ., concur.

LOCHER, J., concurs in judgment only.

W. BROWN, J., dissents.

REILLY, J., of the Tenth Appellate District, sitting for J. P. CELEBREZZE, J.