Bertold J. **PEMBAUR**, M.D., Plaintiff,

v.

**CITY OF CINCINNATI, et al.,**
**Defendants.**

Civ. No. C–1–81–412.

United States District Court,
S.D. Ohio, W.D.

Oct. 22, 1987.

Robert Manley, Cincinnati, Ohio, for plaintiff.

Jerry Luttenegger, Roger Friedmann, Cincinnati, Ohio, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CARL B. RUBIN, Chief Judge.

This matter is before the Court for a determination of damages following trial and the presentation of evidence and testimony on April 29, 1987. Pursuant to Rule 52, Fed.R.Civ.P., the Court does submit herewith its Findings of Fact, Opinion, and Conclusions of Law.

### I.

### FINDINGS OF FACT

1. Litigation involving the parties in this matter have extended over ten years. On May 19, 1977, deputies of the Sheriff of Hamilton County, Ohio attempted to serve capiases on two of Dr. Pembaur's employees. The door to premises where such employees were thought to be present was blocked and the door was ultimately broken down.

2. Plaintiff Pembaur was indicted by the Hamilton County Grand Jury on June 24, 1977 for obstruction of official business in violation of Ohio Revised Code § 2921.31. He was convicted of that offense and the conviction ultimately was upheld by the Supreme Court of Ohio in *State of Ohio v. Pembaur,* 9 Ohio St.3d 136, 459 N.E.2d 217 (1984), *cert. denied* 467 U.S. 1219, 104 S.Ct. 2668, 81 L.Ed.2d 373.

3. This action in the United States District Court was filed in 1981 and heard in 1983. At that time this Court determined that Plaintiff Pembaur was not entitled to damages. This matter was further considered by the United States Court of Appeals for the Sixth Circuit in 746 F.2d 337 (6th Cir.1984) and by the Supreme Court of the United States 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). As a result of such review there remain two questions for determination.

4. The United States Court of Appeals for the Sixth Circuit 792 F.2d 57 (6th Cir. 1986) has remanded this case for a determination of whether Dr. Pembaur's injury was incurred as a result of execution of a policy of the City of Cincinnati to use force in serving capiases. The Supreme Court of the United States has remanded this matter for a determination of damages against Hamilton County.

### II.

### OPINION

In considering the questions presented to this Court in reverse order, the first determination is the issue of damages. Dr. Pembaur is entitled at least to nominal damages against Hamilton County since his rights were violated. Evidence has been presented that in 1977 Dr. Pembaur suffered a stress related injury and required treatment therefor. Under Ohio law it is only where an injury is proximately caused by a defendant's action that there is compensation for that injury. The evidence presented to the Court indicates a failure by Plaintiff to sustain the burden that the events of May 19, 1977 were a proximate cause of such stress. Dr. Robert McDevitt, a witness called on behalf of the Plaintiff who testified by deposition, agreed that various matters contributed to Dr. Pembaur's stress. Those various matters included events of April 26, 1977,

where pursuant to a lawful warrant county officials obtained a vast number of Dr. Pembaur's records which handicapped him in subsequent treatment of patients, his indictment and conviction for obstructing official business, and his flight to Austria.

Dr. McDevitt testified in part as follows:

Question: Did he relate that he had been indicted by the grand jury in 1977?

Answer: Yes.

Question: And that would be another stressful case?

Answer: Yes ...

Question: Did he relate to you that you [sic] he was tried for obstruction official business for blocking the door on May 19, 1977?

Answer: He mentioned that.

Question: An he related that he was convicted for that?

Answer: He did, yes, that was a stress also.

Question: That conviction could have carried a jail term?

Answer: Could have. That was part of the stress that he talked about.

Question: Did he also relate to you that his indictment for Medicaid fraud had been set for trial several times?

Answer: Yes.

Question: And that his nurse was tried for the Medicaid fraud?

Answer: Yes.

Question: And he related to you obviously that he had fled the country?

Answer: Yes.

Question: Would that be a stressful situation?

Answer: Well, I think it would be stressful in terms of his leaving behind the family. Of course he was guaranteed good medical treatment, good meditation and it was a place of refuge.

Question: But there would have been stress involved in leaving behind his family, home and business?

Answer: Yes. I am just saying that breaking down the door was another straw that broke the camel's back....

Deposition of Dr. Robert McDevitt, pages 41–43.

Consequential damages for the separate stress incurred by Dr. Pembaur as a result of the events of May 19, 1977 are not ascertainable from evidence before this Court. This is not to suggest that such damages are the only ones obtainable in a § 1983 action. In *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the United States Supreme Court held that where consequential damages cannot be determined, nominal damages may be obtained. Furthermore, the United States Court of Appeals for the Sixth Circuit has noted that invasions of "dignitary interests" are compensable. *Brandon v. Allen,* 719 F.2d 151 (6th Cir.1983). The Supreme Court of the United States has also determined that "presumed damages may be awarded for a nonmonetary harm that cannot easily be quantified". *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1985).

In *Stachura* the Supreme Court also pointed out that "nominal damages and not damages based on some undefinable value of infringed rights are the appropriate means of vindicating rights whose deprivation has not caused actual provable injury." The Court determines that it is in a *Stachura* situation. Dr. Pembaur is entitled to a vindication of the violation of his constitutional rights and under the circumstances of this litigation the Court determines that he is entitled to nominal damages in the sum of One Thousand Dollars ($1,000.00).

█ The Court must also determine the question remanded by the United States Court of Appeals for the Sixth Circuit as to whether or not the city police officers executed a city policy to use force to serve capiases. The evidence presented indicated that this was not the purpose of the Cincinnati police officers. Testimony before the Court (Tr. at 12, 13) indicated that the police division of the City of Cincinnati had a policy to assist the county under the conditions presented on May 19, 1977. The actions of the police were in the nature of agents of the Prosecuting Attorney, not as officials nor in pursuance of a specific poli-

cy of the City of Cincinnati. Accordingly, damages awarded in this matter should be borne by Hamilton County alone.

### III.

### CONCLUSIONS OF LAW

A.   This Court has jurisdiction pursuant to 28 U.S.C. § 1343; 42 U.S.C. § 1983 and in accordance with Orders of Remand by the United States Court of Appeals for the Sixth Circuit and the Supreme Court of the United States.

B.   Plaintiff's constitutional rights were violated by agents of Hamilton County, Ohio in that an unreasonable search and seizure was conducted in violation of the Fourth Amendment to the United States Constitution.

C.   In the absence of evidence of an ascertainable proximate cause for injury sustained by the Plaintiff, he is entitled to compensation of nominal damages for his infringed rights. *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).

D.   The action of police officers of the City of Cincinnati were not in furtherance of any policy of such city to use force to serve capiases, but were instead actions pursuant to a policy of cooperation with the Prosecuting Attorney of Hamilton County.

E.   In accordance with the foregoing Plaintiff is awarded nominal damages against Hamilton County, Ohio in the sum of $1,000.00 and for his costs herein expended.

IT IS SO ORDERED.