JOURNAL ENTRY AND OPINION
Appellant, Cynthia Kline, is appealing her convictions for failure to comply with a police order and obstruction of official business. For the following reasons, we reverse the conviction for failure to comply with a police order and affirm the conviction for obstruction of official business.
Appellant was convicted in the Parma Municipal Court of failure to comply with a police order, criminal trespass and obstruction of official business. The convictions were reversed on appeal, due to ineffective assistance of counsel. City of Parma v.Kline (Mar. 18, 1996), Cuyahoga App. No. 68998 and 68999, unreported. The case was remanded to the Lakewood Municipal Court, where appellant was convicted of failure to comply with a police order and obstruction of official business. The sentence was stayed pending appeal.
In the Lakewood Municipal Court, appellant filed a motion to dismiss on the grounds of selective prosecution. A hearing was held on the motion.
Appellant testified that the police had set up a roadblock on Ridge Road. She told the police she lived five houses down on Ridge Road. They would not let her through, so she pulled into the funeral home parking lot. She observed that the police permitted other cars to go through. Appellant did not see anything happening by her house, so she decided to go around the roadblock. The police followed her to her home and gave her a citation for failing to obey a police order. Appellant discovered that others were permitted to go through if they told the police they lived north of the accident scene.
Appellant further testified that at a city council meeting, she complained about the police's actions. The council decided to refer her complaint to the police department. According to appellant, at this same council meeting, Bill Mason, Law Director for the City of Parma, told appellant that the ticket would be dismissed.
A tape of a November 18, 1994 phone call between appellant and Bill Mason was stipulated into evidence. Mason said he intended to dismiss the ticket, but appellant had filed a complaint against the police.[1] Mason stated that perhaps he could speak with the police at the pre-trial stage.
Lieutenant Cornachio testified that on November 28, 1994, he was assigned to interview appellant concerning her complaint against the police. During the interview, appellant stated that cars were permitted both north and southbound through the roadblock. Cornachio stated that was incorrect, and that he was in charge of the accident scene. Appellant stated that Cornachio was biased because he was in charge of the accident scene. Appellant was upset and raising her voice. Cornachio felt she was disrupting others in the station. Cornachio said that someone else would be assigned to interview her, and she should leave the station. He gave her enough time to collect her things, but she did not make an effort to leave. Cornachio warned her that if she did not leave she would be arrested for criminal trespass. Instead of leaving, she began questioning one of the other officers about who replaced the Chief of Police, who had passed away. Appellant was arrested for criminal trespass.
Lt. Cornachio stated that when she was booked, appellant had put medication down her blouse. Cornachio stated that prisoners are not permitted to take medication with them into their cells, and a female officer had to be called to retrieve it. Appellant was charged with obstruction of official business.
 I.
Appellant's first assignment of error states:
 DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S PRETRIAL MOTION TO DISMISS BASED UPON THE SELECTIVE AND VINDICTIVE NATURE OF THE WITHIN PROSECUTION?
The conscious exercise of some selectivity in enforcement is not in itself, a violation of the United States Constitution.State v. Flynt (1980), 63 Ohio St.2d 132, 134 citingOyler v. Boles (1962), 368 U.S. 448, 456, 82 S.Ct. 501, 505,7 L.Ed.2d 446. To support the defense of selective prosecution, the defendant must show: (1) She has been singled out for prosecution, and (2) The decision to prosecute was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights. Wayte v. U.S.
(1985) 105 S.Ct. 1524, 1531, 470 U.S. 598, 84 L.Ed.2d 547; Statev. Getsy (1998), 84 Ohio St.3d 180; Flint, supra.
The citation was written before appellant filed a complaint against the police. However, selective prosecution can occur after a citation or indictment. For example, offering a plea bargain to one co-defendant, but not another, may constitute selective prosecution. See Getsy, supra; U.S. v. Moody (C.A. 7 1985), 778 F.2d. 1380, 1385-1386; U.S. v. Bell (C.A. D.C. 1974), 506 F.2d. 207. Appellant asserts that the prosecutor's decision not to drop the charges was impermissibly based upon the fact that she filed a complaint against the police.
Appellant presented evidence that she was singled out for prosecution for the charge of failure to obey a police order. Mason stated on the tape of the November 18, 1994 phone call that he intended to dismiss the ticket, but the appellant had filed a complaint against the police. The decision not to drop the charge was based on an improper consideration.
Although the tape demonstrated an improper consideration, it did not demonstrate a vindictive motive. A vindictive prosecution is one where the State retaliates against the accused for exercising a protected right. U.S. v. Goodwin (1982),102 S.Ct. 2485, 2492, 457 U.S. 368, 73 L.Ed.2d 74. We do not find that the decision to go forward with the prosecution was vindictive. Mason stated that he could not drop the charges before the pretrial, but a dismissal or plea bargain might be reached at the pretrial. As city law director, Mason felt that before he made a deal with a defendant, he had to obtain the consent of the police. Mason told appellant she had every right to file the complaint against the police, and did not attempt to convince her to drop those charges. While Mason's decision was not vindictive, Mason's decision appears to be based on an improper consideration and amounted to selective prosecution.
Appellant contends the conviction for obstruction of official business must also be reversed because that charge was in retaliation for her filing a complaint against the police. Appellant made no showing that the obstruction of official business charge would have been dropped, but for the complaint against the police. The phone call with Mason occurred ten days before appellant was arrested for obstruction of official business. There was no evidence the police officers arrested appellant on November 28, 1994 in retaliation for her filing a complaint.
Accordingly, this assignment of error is sustained as to the conviction for failure to obey a police order. This assignment of error is overruled as to the charge of obstruction of official business.
 II.
Appellant's second assignment of error states:
 WAS THE EVIDENCE AT TRIAL SUFFICIENT TO SUSTAIN APPELLANT'S CONVICTIONS FOR FAILURE TO OBEY A LAWFUL ACT OF THE POLICE AND FOR THE OBSTRUCTION OF OFFICIAL POLICE BUSINESS?
Given our disposition of the first assignment of error, this assignment of error is moot as to the charge of failure to obey a lawful act of the police. The trial testimony pertaining to the obstruction of official business count was as follows:
The testimony was uncontroverted that Lt. Cornachio told appellant she was under arrest. The testimony is also uncontroverted that the police started filling out paperwork to book appellant. The police started taking her possessions and preparing an inventory. Appellant understood that she was under arrest. See transcript at 459.
Cynthia Kline testified that during the booking process, she was given water and permitted to take Xanax for her anxiety attack. The police officers placed her anti-nausea medication on the table and she grabbed the bottle and put it down her blouse. She wanted to keep her anti-nausea medication, because she was having a panic attack and was afraid she was going to throw up.
Lieutenant Tim Cornachio testified that the officers requested that she turn over the medication, as people in custody are not permitted to retain their medication. Appellant refused to take the medicine out of her blouse. When appellant refused to give up the medication, she was advised that if she did not, she could be charged. A female matron was present, but Cornachio did not feel that the matron could handle the situation by herself. A female officer had to be called off the road to retrieve the medicine. It took the female officer five to ten minutes to return to the station.
The female officer, Sharon Kleppel, testified that after she arrived and spoke with appellant, appellant removed the medication from her blouse and started to unscrew the cap. Kleppel pried the bottle out of appellant's hand. It took about five minutes to get the medication from appellant.
Appellant was never actually placed in a jail. However, she was held in a booking room for two hours until she was released on bond. She testified that she did not intend to obstruct the police in the performance of their official duties.
When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 520; State v. Jenks (1991),61 Ohio St.3d 259.
The elements of obstruction of official business are: (1) No person, without privilege to do so; (2) with purpose to prevent, obstruct or delay the performance by a public official of any authorized act within his official capacity; (3) does an act which hampers or impedes a public official in the performance of his lawful duties. Parma Codified Ordinance 606.14.
Appellant asserts that it was not her intent to obstruct public officials from performing their official duties. She merely wanted to keep her medicine so she would not get sick.
 A person acts purposely when it is his specific intention to cause a certain result, or when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature.
R.C. 2901.22(A). Here, appellant intended to keep the medicine from the police. She was told by the police that her conduct was interfering with the booking process and a female officer would have to be called to retrieve the medicine. A trier of fact could find that she intended to engage in conduct of a certain nature which hampered or delayed the booking process. Her motive for doing the act, to avoid getting sick, does not change the purposeful nature of her actions. See State v. Duke (Feb. 19, 1999), Fulton App. No. F-98-010, unreported.
We will also consider whether the police were in performance of an authorized act within their official capacity. An arrest was effectuated here, because the police told appellant she was under arrest, detained her and appellant understood she was under arrest. See State v. Darrah (1980), 64 Ohio St.2d 22. The process of booking appellant was an authorized act within the performance of the police's official duties. The fact that appellant was later acquitted of the criminal trespass charge does not excuse an obstruction of official business. See State v. Pembaur (1984),9 Ohio St.3d 136, 138.
Appellant performed an affirmative act of taking the medication off the table, and putting it in her blouse. Appellant did not merely fail to perform an act. Compare State v. McCrone (1989),63 Ohio App.3d 831, 834-35; Garfield Hts. v. Simpson (1992),82 Ohio App.3d 286. Appellant's actions demonstrated not only a failure to cooperate with the police, but also an affirmative interference with police business.
Appellant asserts that her action did not hamper police duties, because a matron was present who could have retrieved the medicine. Lt. Cornachio testified that in his judgment, the matron could not handle the situation by herself, and a female police officer was required. There was no evidence that Cornachio improperly exercised his judgment. There was sufficient evidence from which the trier of fact could find all of the elements of obstructing official business.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 DID THE TRIAL COURT ERR IN ITS CHARGE TO THE JURY AS TO THE NECESSARY ELEMENTS OF THE COUNTS OF CONVICTION?
Appellant asserts that the court committed plain error in giving the jury instructions. Plain error only occurs when but for the error, the result of the trial clearly would have been otherwise. State v. Long (1978), 53 Ohio St.2d 91; State v.Manley (1994), 71 Ohio St.3d 342, 347.
Appellant complains of certain errors in the instruction concerning the charge of failure to obey a lawful act of the police. Due to our disposition of appellant's first assignment of error, this argument is moot.
Appellant also contends that the trial court committed plain error in instructing the jury on the obstruction of official business charge. The court defined "purposely" as having the specific intent to cause a certain result or the specific intent to engage in certain conduct. This is the correct definition set out in R.C. 2901.22(A). The definition of "purposely" as the specific intent to engage in certain conduct does apply to this case, and would not confuse the jury. See State v. Martens
(1993), 90 Ohio App.3d 338; Cf. City of Avon Lake v. Anderson
(1983), 10 Ohio App.3d 297, 299. Plain error did not occur in the giving of this jury instruction.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed in part and reversed in part.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lakewood Municipal Court to carry this judgment into execution. The defendants conviction having been partially affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., AND ANNE L. KILBANE,J., CONCUR.
 _________________________________ ANN DYKE, PRESIDING JUDGE
[1] At trial, Mason testified that he also decided not to drop the charges because the police report contained a different version of events than appellant's version. The police stated that appellant did not tell them she lived north of the accident scene. This explanation was not stated during the tape-recorded telephone conversation.