OPINION
Appellant Terry Black appeals the decision of the Licking County Municipal Court finding him guilty of resisting arrest and disorderly conduct. The relevant facts leading to this appeal are as follows. On April 6, 1999, appellant telephoned his caseworker at the Moundbuilders Guidance Center in Newark, Ohio, to advise her that he was depressed and contemplating suicide. At the time, appellant had stopped at the Buckeye Lake Truck Stop, and placed the call from a telephone inside the store and restaurant. The Buckeye Lake Police Department dispatched two officers to the truck stop to investigate the call. Upon arrival, the officers observed the appellant standing at the telephone and asked him if he was indeed Terry Black. Appellant denied this, at which time the officers asked appellant to produce identification. Appellant responded by quickly "flashing" his wallet, causing Buckeye Lake Officer Nicodem to again request identification. At that point, appellant commenced arguing and loudly stated, "this is bullshit," a term he thereafter used numerous times. Officer Nicodem began directing appellant to step outside because of the disturbance he was causing. Appellant proceeded to move away from the officers and simultaneously reached into an interior coat pocket. Fearing production of a weapon by appellant, Officer Nicodem attempted unsuccessfully to restrain him. Appellant reached the outside of the truck stop, where the officers again attempted to restrain him. Nicodem's partner, Officer Edwards, advised appellant that he was under arrest, but the restraining attempts continued until the arrival of a third officer who assisted in finally placing the appellant in handcuffs. Appellant was charged with disorderly conduct, resisting arrest, and obstructing official business. The matter was heard via a two-part bench trial on June 30, 1999 and August 24, 1999. Following the presentation of the state's case, appellant moved for acquittal pursuant to Crim.R. 29. The court granted the dismissal of the obstruction charge, but appellant was convicted of disorderly conduct and resisting arrest upon completion of the evidence. Appellant timely appealed and raises the following two assignments of error:
 I. THE COURT ERRED WHEN IT FAILED TO GRANT THE APPELLANT'S MOTION PURSUANT TO CRIMINAL RULE 29(A) FOR A VERDICT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE AS TO THE CHARGES OF RESISTING ARREST AND DISORDERLY CONDUCT.
 II. THE APPELLANT'S CONVICTION OF RESISTING ARREST AND DISORDERLY CONDUCT ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
We will address both assignments of error together. Pursuant to Crim.R. 29(A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the * * * complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *." In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273.
The statute in question, R.C. 2921.33, directs that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another." Our review of the record provides overwhelming evidence, including appellant's own testimony, that appellant forcibly resisted arrest. Thus, we must consider the "lawful arrest" aspect of the statute. In Columbus v. Fraley (1975), 41 Ohio St.2d 173, the Ohio Supreme Court held "* * * that in the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows * * * is an authorized police officer * * * whether or not the arrest is illegal under the circumstances." Id. at 180. As later observed by the Court, Fraley stands for the proposition that Ohio law encourages the "resol[ution of] questions concerning the legality of police conduct in the courts through peaceful means rather than on the street in potentially violent confrontation." State v. Pembaur (1984), 9 Ohio St.3d 136,138. We therefore find that a reasonable trier of fact could have found the elements of the crime of resisting arrest under the facts in the record. Turning to the disorderly conduct conviction, we note the relevant language of R.C. 2917.11(A): No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:
* * *
 (2) Making unreasonable noise or an offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person;
* * *
Appellant argues that when the officers first approached him, he did not present himself as someone in distress, and only became distressed after the officers "badgered" him by questioning and asking for identification. He cites Terry v. Ohio (1968),392 U.S. 1, in support of his right to be secure in his person. However, the United States Supreme Court has clearly emphasized the need for police officers to efficiently respond to emergency situations. In Mincey v. Arizona (1978), 437 U.S. 385, the Court stated: We do not question the right of the police to respond to emergency situations. Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid. * * * "The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." Id. at 392, quoting Wayne v. United States, 318 F.2d 205, 212. In the transcript, Officer Nicodem reveals that the dispatch authorities notified him of "a male at the truck stop that they believed was attempting suicide or believed to be in the process of attempting suicide." Tr. of June 30, 1999 at 5. We are not persuaded that the officers acted unreasonably in attempting to identify and assist appellant in a potentially life-threatening situation. Appellant cites no precedent, on point, with the scenario faced by these police officers, and we find no merit in appellant's argument that the officers essentially caused his reaction. The record demonstrates sufficient evidence in support of the disorderly conduct conviction. We next turn to appellant's contention that his convictions are against the manifest weight of the evidence. Our standard of review is stated as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175.
Our review of the record indicates that appellant admitted to "raising his voice" after being approached by the officers, and to putting up a fight after attempting to run out of the restaurant. Tr. of August 24, 1999, at 21-24. Officer Nicodem recalled that appellant was loud enough to draw the attention of persons in the vicinity of the cash register, and it was undisputed that appellant reached into his left breast pocket during the episode, although ultimately not to obtain a weapon as first contemplated by the officers. We are unable to hold upon review that the trial court's decision created a manifest miscarriage of justice so as to warrant reversal. The sole case cited by appellant, in regard to manifest weight, is State v. Venham (1994), 96 Ohio App.3d 649, a Fourth District case addressing the suppression of evidence regarding a defendant's suspended license, which the officer obtained having already concluded that the passenger originally sought by the officer was not in the vehicle. Id. at 656. Venham is thus clearly distinguishable from the facts herein. Any reliance thereon by appellant is misplaced. The trial court's convictions on both charges are not against the sufficiency and/or manifest weight of the evidence. Appellant's assignments of error are overruled.
For the reasons stated in the foregoing opinion, the decision of the Licking County Municipal Court, Licking County, Ohio, is hereby affirmed.
By: WISE, J., GWIN, P.J., and EDWARDS, J., concur.