[Cite as *State v. Fry*, 2022-Ohio-2546.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 21-CA-00013 |
| RONNIE FRY, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the  Guernsey County
                              Court of Common Pleas, Case No. 20-CR-
                              212

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       July 25, 2022

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DAVE YOST                             PETER GALYARDT
Attorney General                      Assistant Public Defender
BY: ANDREA K. BOYD                    250 East Broad Street, Stuite 1400
Special Prosecutor                    Columbus, OH  43215
30 East Broad Street, 23rd Floor
Columbus, OH 43215

*Gwin, J.*

{¶1} Defendant-appellant Ronnie Fry, Jr. ["Fry"] appeals his conviction and sentence after a jury trial in the Guernsey County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On September 4, 2020, Officer Daulton Dolan of the Byesville Police Department was dispatched in response to a possible overdose. Officer Dolan's bodycam captured the events in real time. (State's Exhibit A).

{¶3} Upon his arrival at the scene, Officer Dolan saw Fry giving rescue breaths to his girlfriend, Amber Booker, in a shed. Officer Dolan administered two doses of Narcan while Fry continued doing chest compressions and giving rescue breaths. The fire department arrived and took over Ms. Booker's medical treatment. While the EMS squad readied Ms. Booker for transport to the hospital, Officer Dolan comforted Fry and credited his chest compressions for his girlfriend's survival.

{¶4} Officer Dolan retrieved a trash bag from his vehicle to dispose of the boxes and wrappers from the Narcan that remained in the shed. Officer Dolan was concerned that drugs might still be present in the shed, so he began looking for them. Another resident of the home, Fry's mother, Barbara Gadd, came into the shed and tried to help Officer Dolan locate the drugs. Officer Dolan did not intend to charge Ms. Booker; he simply did not want her to have access to the drugs when she got out of the hospital, or for anyone else to locate them and possibly overdose. Officer Dolan and Mrs. Gadd located Ms. Booker's purse containing her ID. Officer Dolan gave it to EMS to be transported with Ms. Booker to the hospital.

{¶5}    When Officer Dolan returned to the shed to try to locate the drugs, he heard Fry yell "no, no, no."  Fry then charged Officer Dolan.  Fry testified during trial,

> I kind of put my arm up to kind of like block him and take the purse away...I kind of - - I remember feeling the purse in my hand, and we kind of scuffled around...

T. at 210-211.  Officer Dolan testified,

> While I was looking in the bag I heard someone screaming no multiple times, and as I went to turn to see who it was or what they were yelling about, that is when Mr. Fry entered the shed and shoved me back into the shed.

T. at 157.  When asked how it felt, Officer Dolan replied, "It didn't feel good."  Id.  When asked by the prosecutor if it "hurt a little bit," Officer Dolan testified "A little bit, yes."  T. at 158.  Officer Dolan testified the he did not have any kind of bruising or marks as a result of the incident with Fry.  T. at 172.

{¶6}    Once in handcuffs, Fry was apologetic.  Fry testified,

> Just my emotions was kind of wrapped up, and honestly everything happened so quick, I - - I wasn't sure if I had maybe hit him, but I didn't feel that I did, but I wasn't 100 percent sure either.

T. at 212.  Fry's reason for trying to take the purse was he believed Officer Dolan was conducting an illegal search.  T. at 212-213.  After consulting his superior, Officer Dolan arrested Fry for the contact in the shed.  Id. at 170-171.

{¶7} Fry was found guilty by a jury of assault, a felony of the fourth degree because Officer Dolan suffered the assault while performing his official duties. The trial court sentenced Fry to fourteen months in prison.

*Assignments of Error*

{¶8} Fry raises two Assignments of Error,

{¶9} "I. RONNIE FRY'S ASSAULT-OF-A-PEACE-OFFICER CONVICTION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE, AND THE TRIAL COURT ERRED WHEN IT DENIED HIS CRIM.R. 29 MOTION. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; ARTICLE I, SECTIONS 10 AND 16, OHIO CONSTITUTION.

{¶10} "II. RONNIE FRY'S ASSAULT-OF-A-PEACE-OFFICER CONVICTION IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; ARTICLE I, SECTIONS 10 AND 16, OHIO CONSTITUTION."

## I & II

{¶11} In his First Assignment of Error, Fry argues that that there is insufficient evidence to support his conviction. In his Second Assignment of Error, Fry contends his conviction is against the manifest weight of the evidence.

*Standard of Appellate Review– Sufficiency of the Evidence.*

{¶12} The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." This right, in conjunction with the Due Process Clause, requires that each of the material elements of a crime be proved to a jury beyond a reasonable doubt. *Alleyne v. United States*, 570

U.S. 99, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Hurst v. Florida*, 577 U.S. 92, 136 S.Ct. 616, 621, 193 L.Ed.2d 504 (2016).  The test for the sufficiency of the evidence involves a question of law for resolution by the appellate court.  *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶30.  "This naturally entails a review of the elements of the charged offense and a review of the state's evidence."   *State v. Richardson*, 150 Ohio St.3d 554, 2016-Ohio-8448, 84 N.E.3d 993, ¶13.

{¶13}   When reviewing the sufficiency of the evidence, an appellate court does not ask whether the evidence should be believed.  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997)*; *Walker*, 150 Ohio St.3d at ¶30.  "The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of the syllabus.  *State v. Poutney*, 153 Ohio St.3d 474, 2018-Ohio-22, 97 N.E.3d 478, ¶19.  Thus, "on review for evidentiary sufficiency we do not second-guess the jury's credibility determinations; rather, we ask whether, '*if believed*, [the evidence] would convince the average mind of the defendant's guilt beyond a reasonable doubt.'"  *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001), *quoting Jenks* at paragraph two of the syllabus; *Walker* 150 Ohio St.3d at ¶31.  We will not "disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion reached by the trier-of-fact.'"  *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 94, *quoting State v. Dennis*, 79 Ohio St.3d 421,

430, 683 N.E.2d 1096 (1997); *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶74.

Issue for Appellate Review:  *Whether, after viewing the evidence in the light most favorable to the prosecution, the evidence, if believed, would convince the average mind that Fry was guilty beyond a reasonable doubt of Assault in violation of R.C. 2903.13(A) and R.C. 2903.13(C)(5)*

{¶14}  R.C. 2903.13, Assault, provides, "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."

{¶15}  R.C. 2901.01(A)(3) provides, ""Physical harm to persons" means any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶16}  "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature.  A person has knowledge of circumstances when the person is aware that such circumstances probably exist.  When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact."  R.C. 2901.22(B).

{¶17}  The intent with which an act is committed may be inferred from the act itself and the surrounding circumstances, including acts and statements of a defendant.  *State v. Garner*, 74 Ohio St.3d 49, 60, 1995-Ohio-168, 656 N.E.2d 623, 634(1995); *State v. Wallen*, 21 Ohio App.2d 27, 34, 254 N.E.2d 716, 722(5th Dist. 1969).  Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective

criteria." *State v. McDaniel,* 2nd Dist. Montgomery No. 16221, 1998 WL 214606 (May 1, 1998), *citing State v. Elliott,* 104 Ohio App.3d 812, 663 N.E.2d 412 (10th Dist. 1995).

{¶18} Fry argues that the evidence is insufficient to prove beyond a reasonable doubt that he "knowingly" caused "physical harm" to Officer Dolan. [Appellant's brief at 7]. Essentially, Fry argues that "a little pain" does not satisfy the definition of "physical harm." Id. Further, Fry contends that his intent was not to injure Officer Dolan but rather to stop what he perceived to be an illegal search. Id.

{¶19} There is no justification for Fry's actions in this case. Ohio law encourages the "resol[ution of] questions concerning the legality of police conduct in the courts through peaceful means rather than on the street in potentially violent confrontation." *State v. Pembaur,* 9 Ohio St.3d 136, 138, 459 N.E.2d 217(1984). In *Pembaur,* the Court held, "Nevertheless, absent bad faith on the part of a law enforcement officer, an occupant of business premises cannot obstruct the officer in the discharge of his duty, whether or not the officer's actions are lawful under the circumstances." Id.

{¶20} In *In re A.T.,* the court observed,

"'[W]hen there is no tangible, physical injury such as a bruise or cut, it becomes the province of the [trier of fact] to determine whether, under the circumstances, the victim was physically injured, after reviewing all of the evidence surrounding the event.'" *State v. Barnes,* 8th Dist. Cuyahoga No. 87153, 2006-Ohio-5239, ¶ 17, *quoting State v. Perkins,* 11th Dist. Portage No. 96-P-0221, 1998 WL 157000, 3, 1998 Ohio App. LEXIS 1213, 7 (Mar. 27, 1998).

8th Dist. Cuyahoga No. 110123, 2021-Ohio-2934, ¶67. Courts have further held,

The slightest injury is sufficient proof of physical harm. *See State v. Hustead*, 83 Ohio App.3d 809, 615 N.E.2d 1081 (4th Dist. 1992) (slap to the face, which causes no redness, bruising or head movement, is sufficient proof of physical harm); *State v. Neff*, 10th Dist. Franklin No. 92 AP 655, 1992 WL 250253, *2 (Sept. 30, 1992) (the act of grabbing and jerking a victim's arm and causing pain constitutes physical harm); *State v. Johnson*, 2d Dist. Greene No. 88–CA–83, 1989 WL 43040, *4 (Apr. 27, 1989) (the infliction of pain by grabbing the male genitalia is physical harm).

*State v. Daniels,* 1st Dist. Hamilton No. C-170145, 2018-Ohio-1701, 111 N.E.3d 708, ¶35. *Accord, State v. Karns,* 2nd Dist. Greene No. 2020-CA-35, 2021-Ohio-1836, ¶38. A physical manifestation of injury is not necessary for a finding that the offender caused "physical harm,"

The Second District Court of Appeals held in *Dayton v. Hadley* (June 2, 1986), Montgomery App. No. 9509, unreported, 1986 WL 6330, at * 2, that there is "no indication that pain must be evidenced by an outward physical manifestation in order to constitute 'physical harm.'" Moreover, the Legislative Service Note to R.C. 2901.01 states that "precedent trauma" is not a necessary predicate to a finding of physical harm.

*State v. Perkins,* 11th Dist. Portage No. 96-P-0221, 1998 WL 15700 (Mar 27, 1998) at *3.

{¶21} In a case similar to the case at bar, the Court noted,

Lack contends that there was insufficient evidence to show that he knowingly caused Ott harm. Lack appears to concede that he "put his hands" on Ott. But he contends that he could not have known that he would

cause Ott harm under R.C. 2919.25(A) because "[p]utting your hands on someone is not an act that will probably result in harm."

The evidence was sufficient to support all of the necessary elements of R.C 2919.25(A): Lack knowingly squeezed Ott's wrist and hit the back of her arm. He is presumed to understand the reasonable and probable consequences of his actions. It is reasonable and probable to assume that when someone hits another person, the aggressor knows that the victim will suffer some harm.

*State v. Lack,* 1st Dist. Hamilton No. C-200334, 2021-Ohio-2956, ¶21-22.

**{¶22}** In the case at bar, Fry should be aware that his deliberate act of charging Officer Dolan, grabbing the purse in Officer Dolan's hands, and attempting to wrestle it away from him would result in some harm to Officer Dolan. Officer Dolan testified that at the time of Fry's actions, Officer Dolan was wearing his duty vest with all the gear on it. The vest weighed approximately 30 pounds. T. at 158. Officer Dolan testified that Fry shoved him causing some pain. T. at 157-158; 176; 185. Officer Dolan testified that Fry's actions were not accidental. Id. at 177. Fry admitted that he might have hit Officer Dolan. T. at 212. At the very least, Fry testified that the two scuffled over the purse. T. at 210-211.

**{¶23}** Viewing the evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Fry knowingly caused or attempted to cause physical harm to a peace officer.

**{¶24}** We hold, therefore, that the state met its burden of production regarding the elements of assault of a peace officer; accordingly, there was sufficient evidence to support Fry's conviction for assault involving Officer Dolan.

Standard of Appellate Review – Manifest Weight.

**{¶25}** As to the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith, 80 Ohio St.3d 89, 684 N.E.2d 668, 1997–Ohio–355*; *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.
>
> * * *
>
> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting* 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

**{¶26}** The reviewing court must bear in mind; however, that credibility generally is an issue for the trier of fact to resolve. *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d

904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008–Ohio–1744, ¶ 31. Because the trier of fact sees and hears the witnesses and is particularly competent to decide whether, and to what extent, to credit the testimony of particular witnesses, the appellate court must afford substantial deference to its determinations of credibility. *Barberton v. Jenney,* 126 Ohio St.3d 5, 2010–Ohio–2420, 929 N.E.2d 1047, ¶ 20. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999). Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer*, 4th Dist. Pickaway No. 11CA9, 2012–Ohio–1282, ¶ 24.

**{¶27}** Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that " 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra*, 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.

Issue for Appellate Review: *Whether the jury clearly lost their way and created such a manifest miscarriage of justice, that the conviction must be reversed and a new trial ordered.*

{¶28} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill,* 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).

{¶29} In the case at bar, the jury heard Officer Dolan and Fry subjected to cross-examination, and saw Officer Dolan's body camera videos. The jury heard Fry's arguments and explanations about the evidence and his actions.

{¶30} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. Based upon the foregoing and the entire record in this matter we find Fry's conviction is not against

the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence, and was convinced of Fry's guilt. The jury neither lost their way nor created a miscarriage of justice in convicting Fry of the offense.

{¶31} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime for which Fry was convicted.

{¶32} Fry's First and Second Assignment of Errors are overruled.

{¶33} The judgment of the Guernsey County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, Earle, P.J., and

Delaney, J, concur